Filing # 39251260 E-Filed 03/21/2016 12:37:23 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA
CIVIL DIVISION

JEFFREY R. BOLTON, on behalf of
himself and others similarly situated,

      Plaintiff,

v.                                      CASE NO.:

SUNLAND FOODS, INC., A Florida Corporation,
THE GRILLERS CLUB LLC, A Florida
Limited Liability Company, and
MARIO A. DI MARCO,

      Defendants.
_____/

## COMPLAINT

Plaintiff, JEFFREY R. BOLTON ("Plaintiff"), on behalf of himself and others similarly situated, hereby sues the Defendants, SUNLAND FOODS, INC., THE GRILLERS CLUB LLC, and MARIO A. DI MARCO (collectively "Defendants") and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

2. Venue lies within Lake County because a substantial part of the events giving rise to this claim arose in this Judicial District.

3. At all times material, Plaintiff is and was a resident of Lake County, Florida.

4. At all times material, Defendant SUNLAND FOODS, INC. was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its

FILED: LAKE COUNTY, NEIL KELLY, CLERK, 03/22/2016 10:26:33 AM

principal place of business at 811 S. Central Ave., Umatilla, FL 32784.

5. At all times material, Defendant THE GRILLERS CLUB LLC was/is a Florida Profit Corporation authorized to conduct business in the State of Florida, with its principal place of business at 811 S. Central Ave., Umatilla, FL 32784.

6. Defendants SUNLAND FOODS, INC. and THE GRILLERS CLUB LLC were joint employers of Plaintiff and both were owned and operated by Defendant MARIO A. DI MARCO, who also was Plaintiff's employer.

## GENERAL ALLEGATIONS

7. Defendants SUNLAND FOODS, INC. and THE GRILLERS CLUB LLC are operated as an integrated enterprise by Defendant MARIO A. DI MARCO, who intermingles the income and assets of both companies.

8. Defendants are employers as defined by the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b), *et seq.* ("FLSA").

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s), and had an annual dollar volume of sales or business of at least $500,000 for the relevant time period.

10. Plaintiff was engaged in interstate commerce during his employment with Defendants.

11. Plaintiff was employed by Defendants from November 2014 through February 2016. During part of this time he was misclassified as an independent contractor. During the remainder of this time, he was misclassified as an exempt "manager."

12. This action is brought under the FLSA to recover unpaid overtime compensation owed to Plaintiff and all others similarly situated who are or were employed by Defendants and misclassified independent contractors and/or exempt "managers."

13. Plaintiff and others similarly situated were employees of Defendants under the FLSA.

14. Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated employees, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

15. Moreover, Defendants failed to maintain accurate time records as required by the FLSA.

16. The additional persons who may become Plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who were required to work in excess of forty (40) hours a workweek but were not paid overtime compensation as required by the FLSA.

17. Moreover, Defendants unlawfully paid Plaintiff and other similarly situated employees in cash "under the table" without withholding federal and state taxes.

18. Defendants improperly instructed Plaintiff and others similarly situated to write off company losses on their own personal income tax returns.

19. Defendants take deductions from employees pay for fraudulent "inventory shortages" or purported "theft" by vendors who were hand-selected by Defendant MARIO A. DI MARCO.

20. Defendants entered into an agreement to pay bonuses to Plaintiff for his

services to THE GRILLERS CLUB LLC, but breached those promises by failing or refusing to pay said bonuses.

21. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

22. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

## COUNT I
## OVERTIME – FLSA

23. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

23. During the three (3) year period prior to filing this action, Defendants failed to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in a workweek.

24. Defendants' failure to pay Plaintiff and all other similarly situated employees overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

25. Defendants' violations of the FLSA were knowing, willful and in reckless disregard of the rights of Plaintiff and all other similarly situated.

**WHEREFORE**, Plaintiff respectfully requests, on behalf of himself and all others similarly situated, that this Court issue an Order awarding damages in the amount of the unpaid overtime compensation owed, awarding liquidated damages pursuant to 29 U.S.C. § 216(b), awarding reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and awarding all such other relief as the Court deems just and appropriate.

## COUNT II
## BREACH OF CONTRACT – UNPAID BONUSES

26. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

27. By entering into an agreement to pay bonuses to Plaintiff for his services to THE GRILLERS CLUB LLC, Defendants entered a binding contract with Plaintiff.

28. Defendants breached the contract by failing to pay Plaintiff his earned bonus compensation.

29. Defendants' breach caused Plaintiff to suffer damages.

WHEREFORE, Plaintiff demands payment of the full amount of all unpaid bonuses, as well as consequential damages caused by the breach and prejudgment interest, and such other relief this Court deems just and proper.

## COUNT III
## UNPAID WAGES

30. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

31. Based on the agreement to pay bonuses to Plaintiff for his services to THE GRILLERS CLUB LLC, Defendants have a duty to pay Plaintiff bonus compensation.

32. Defendants breached their contractual duties to Plaintiff by failing to pay his earned bonus compensation.

33. Plaintiff has suffered damages as a result of Defendants' breach.

34. Florida Statute Section 448.08 provides for the payment of attorney's fees

and costs in an action involving accrued, but unpaid wages. Unpaid bonuses are considered wages for purposes of section 448.08. See *Gulf Solar, Inc. v. Westfall*, 447 So. 2d 363, 367 (Fla. 2d DCA 1984); *D.G.D., Inc. v. Berkowitz*, 605 So. 2d 496, 498 (Fla. 3d DCA 1992).

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment awarding damages in the amount of unpaid bonuses found to be due and owing, consequential damages caused by the breach, prejudgment interest, reasonable attorneys' fees and costs pursuant to Fla. Stat. § 448.08, and awarding all such other relief as the Court deems just and appropriate.

**COUNT IV**
**CIVIL DAMAGES FOR FRAUDULENT**
**FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)**

35. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 to 22 as if fully restated herein.

36. By willfully failing to properly record all wage payments made to Plaintiff, account for these payments to the IRS, and pay FICA and other applicable employment taxes on Plaintiff's behalf during the duration of Plaintiff's employment with Defendants, Defendants filed fraudulent information returns for Plaintiff with the IRS, in violation of 26 U.S.C. § 7434(a).

37. Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

WHEREFORE, Plaintiff demands:

a) Costs attributable to resolving deficiencies, civil damages of $5,000 for Plaintiff, and damages resulting from Plaintiff's additional tax debt, and Plaintiff's additional time and expenses associated with any necessary corrections;

b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above;

c) All costs and attorney's fees incurred by Plaintiff in prosecuting these claims; and

d) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

**DATED** this 21st day of March, 2016.

>Respectfully submitted,
>**WHITTEL & MELTON, LLC**
>*/s/ Jay P. Lechner*
>Jay P. Lechner, Esq.
>Florida Bar No.: 0504351
>Jason M. Melton, Esq.
>Florida Bar No.: 605034
>One Progress Plaza
>200 Central Avenue, #400
>St. Petersburg, Florida 33701
>Telephone: (727) 822-1111
>Facsimile: (727) 898-2001
>Service Email:
>   Pleadings@theFLlawfirm.com
>   lechnerj@theFLlawfirm.com
>   shelley@theFLlawfirm.com
>*Attorneys for Plaintiff*