UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEFFREY R. BOLTON, on behalf of
himself and others similarly situated,

       Case No: 5:16-CV-299-JSM-PRL

    Plaintiff
vs.

SUNLAND FOODS, INC., a Florida
Corporation; THE GRILLERS CLUB,
LLC, a Florida limited liability company;
and MARIO A. DI MARCO,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Sunland Foods, Inc., The Grillers Club, LLC, and Mario A. Di Marco, (hereafter collectively "Defendants") answer the Complaint filed by Plaintiff, Jeffrey R. Bolton, on behalf of himself and others similarly situated (hereafter "Plaintiff") and state:

**1.** The Defendants admit to the allegations of paragraph 1 for the purposes of jurisdiction, but otherwise deny the allegations of paragraph 1.

**2.** The Defendants admit to the allegations of paragraph 2 for the purposes of venue, but otherwise deny the allegations of paragraph 2.

**3.** The Defendants admit to the allegations of paragraph 3.

**4.** The Defendants admit the allegations of paragraph 4.

**5.** The Defendants state that Defendant, The Grillers Club, LLC is a Florida limited liability company as opposed to a corporation as alleged and was formed on or about June 20, 2015. The Defendants otherwise deny the allegations of paragraph 5.

**6.** The Defendants deny the allegations of paragraph 6.

**7.** The Defendants state that Sunland Foods, Inc. and The Grillers Club, LLC are related companies. The Defendants otherwise deny the allegations of paragraph 7.

**8.** The Defendants deny the allegations of paragraph 8.

**9.** The Defendants deny the allegations of paragraph 9.

**10.** The Defendants deny the allegations of paragraph 10.

**11.** The Defendants deny the allegations of paragraph 11.

**12.** The Defendants deny the allegations of paragraph 12.

**13.** The Defendants deny the allegations of paragraph 13.

**14.** The Defendants deny the allegations of paragraph 14.

**15.** The Defendants deny the allegations of paragraph 15.

**16.** The Defendants deny the allegations of paragraph 16.

**17.** The Defendants deny the allegations of paragraph 17.

**18.** The Defendants deny the allegations of paragraph 18.

**19.** The Defendants deny the allegations of paragraph 19.

**20.** The Defendants deny the allegations of paragraph 20.

**21.** The Defendants deny the allegations of paragraph 21.

**22.** The Defendants deny the allegations of paragraph 22.

## **COUNT I**

**23.** The Defendants re-assert and incorporate herein the responses to paragraphs 1 through 22 of the Plaintiff's Complaint as if fully set forth herein.

**23.** The Plaintiffs have two paragraphs numbered 23. The Defendants deny the allegations of the "second" paragraph 23.

**24.** The Defendants deny the allegations of paragraph 24.

**25.** The Defendants deny the allegations of paragraph 25.

## **COUNT II**

**26.** The Defendants re-assert and incorporate herein the responses to paragraphs 1 through 22 of the Plaintiff's Complaint as if fully set forth herein.

**27.** The Defendants deny the allegations of paragraph 27.

**28.** The Defendants deny the allegations of paragraph 28.

**29.** The Defendants deny the allegations of paragraph 29.

## COUNT III

**30.** The Defendants re-assert and incorporate herein the responses to paragraphs 1 through 22 of the Plaintiff's Complaint as if fully set forth herein.

**31.** The Defendants deny the allegations of paragraph 31.

**32.** The Defendants deny the allegations of paragraph 32.

**33.** The Defendants deny the allegations of paragraph 33.

**34.** The Defendants state that Florida Statute 448.08 and cases cited by Plaintiff speak for themselves.

## COUNT IV

**35.** The Defendants re-assert and incorporate herein the responses to paragraphs 1 through 22 of the Plaintiff's Complaint as if fully set forth herein.

**36.** The Defendants state that 26 U.S.C. § 7434 speaks for itself.

**37.** The Defendants state that 26 U.S.C. § 7434 speaks for itself.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims, in whole or in part, are barred by the applicable limitations period, contractual limitations period, and/or jurisdictional prerequisites.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the claims asserted in Plaintiff's Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff and/or some or all of the members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement to which is expressly denied.

**FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.

**SIXTH AFFIRMATIVE DEFENSE**

The Defendants were not the "employer" of Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

With respect to some or all claims brought or allegedly brought by Plaintiff, and/or members of the alleged group of individuals which Plaintiff purports to represent, the existence of which is expressly denied, Defendants affirmatively plead that, even if Defendants were Plaintiff's employer, which they denies, any acts and/or omissions which may be found to be in violation of the rights afforded by the FLSA and/or other applicable law occurred in good faith, were based on reasonable factors, and/or were in conformity with relevant laws and regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages claimed by Plaintiff and/or the members of the alleged group which Plaintiff purports to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

**NINTH AFFIRMATIVE DEFENSE**

Even if Defendants were Plaintiff's employer, which they deny, the Complaint fails to state a claim for which liquidated damages may be granted. Neither Plaintiff nor members of the alleged group which Plaintiff purports to represent, the existence of which is expressly denied, may recover some or all of the relief requested in the Complaint because even if Defendants were their employer, which they deny, Defendants did not commit any oppressive, willful, wanton, fraudulent or malicious act or authorize or ratify any such act with respect to Plaintiff or any alleged group member, at all times acted in good faith and with reasonable grounds for believing they had complied with the FLSA and other applicable law, and Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### TENTH AFFIRMATIVE DEFENSE

Even if Defendants were Plaintiff's employer, which they deny, all or part of the time for which Plaintiff seeks compensation for alleged unpaid hours worked does not constitute compensable time for purposes of the FLSA.

### ELEVENTH AFFIRMATIVE DEFENSE

Even if Defendants were Plaintiff's employer, which they deny, all or part of the time for which Plaintiff seeks compensation is non-compensable under the Portal-to-Portal Act, 29 U.S.C. 254.

### TWELFTH AFFIRMATIVE DEFENSE

Even if Defendants were Plaintiff's employer, which they deny, the Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is de minimus and therefore is not compensable.

### THIRTEENTH AFFIRMATIVE DEFENSE

None of the Defendants were an enterprise engaged in interstate commerce pursuant to the FLSA.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff was not engaged in interstate commerce pursuant to the FLSA.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead, assert and rely on all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or persons Plaintiff purports to represent or otherwise through discovery.

**WHEREFORE,** in full consideration of the premises, Defendants, Sunland Foods, Inc., The Grillers Club, LLC, and Mario A. Di Marco, respectfully request that the Plaintiff's Complaint be dismissed with prejudice, that Plaintiff receive nothing in the form of damages, that Defendant recover court costs and reasonable attorney's fees, and that the Court grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s Joseph C. Shoemaker
JOSEPH C. SHOEMAKER
Florida Bar No. 0319790
Bogin, Munns & Munns
628 South 14th Street
Leesburg, Florida 34748
Telephone: (352) 728-3773
Facsimile: (352) 728-5488
jshoemaker@boginmunns.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that today, this 26th day of May 2016, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to Jay P. Lechner, Esq., Whittel & Melton, LLC., One Progress Plaza, 200 Central Ave., #400, St. Petersburg, FL 33701; Email: Pleadings@theFLlawfirm.com Lechnerj@theFLlawfirm.com Shelley@theFLlawfirm.com

s/ Joseph C. Shoemaker